# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| DON W. DICKSON, vice president, Government Training LLC; and GOVERNMENT TRAINING, LLC, | * * * * * | CV 218-029 |
| Plaintiffs, | * * | |
| v. | * * | |
| SHELLY C. ANAND; ASSOCIATE ADMINISTRATOR, U.S. Department of Labor; REGIONAL SOLICITOR, U.S. Department of Labor; HON. JOHN P. SELLERS, III, Administrative Law Judge; HON. STEPHEN R. HENLEY, Chief Administrative Law Judge; U.S. ATTORNEY'S OFFICE, Southern District of Georgia-Savannah; ADMINISTRATOR, Office of Foreign Labor Certification; USDOL WAGE AND HOUR DIV.; and ADMINISTRATOR, Wage and Hour Division, | * * * * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss, dkt. no. 10, as well as Plaintiffs' motion for a new hearing, dkt. no. 14. The motions are ripe for review.

**BACKGROUND**

At issue in Plaintiffs' Complaint is the U.S. Department of Labor's ("DOL") determination, sustained through administrative litigation, that Government Training, LLC violated its obligation under the H-1B visa program to pay its worker the required wage rate as defined in the statute and implementing regulations. The Complaint challenges the decision of the DOL's Administrative Review Board, which affirmed an earlier summary decision by an Administrative Law Judge ("ALJ") who awarded back wages to the worker. Plaintiffs contend that the DOL should have considered impracticality of contract performance and the H-1B worker's failure to mitigate his losses as defenses that limit Government Training, LLC's liability. Plaintiffs name as Defendants Shelly C. Anand of the DOL's Atlanta Office of the Solicitor; the "Associate Administrator" of the DOL; the "Regional Solicitor" of the DOL; Judge John P. Sellers, III (ALJ); Judge Stephen Henley (Chief ALJ); the U.S. Attorney's Office in Savannah, Georgia; the "Administrator" of the Office of Foreign Labor Certification; the DOL Wage and Hour division itself; and the "Administrator" thereof.

Defendants as a group move to dismiss the Complaint on several grounds: first, pursuant to Federal Rule of Civil Procedure 12(b)(5), for lack of proper service on the government as required by Rule 4(i); second, because Dickson is not a proper party/plaintiff and, as a non-lawyer, cannot represent the

interests of Government Training, LLC; third, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction due to each Defendant's claim to sovereign immunity; and, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. As explained below, Plaintiffs' Complaint is **DISMISSED without prejudice.**

### LEGAL STANDARD

Under Article III of the United States Constitution, federal-court jurisdiction extends only to actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Rooted in Article III's case or controversy requirement is the doctrine of standing. McGee v. Solicitor Gen. of Richmond Cty., 727 F.3d 1322, 1326 (11th Cir. 2013) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). Standing requires that a plaintiff, at the time of filing suit, have "a 'personal stake' in the outcome of the litigation." Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987).

As the party seeking to invoke federal jurisdiction, the plaintiff bears the burden of establishing standing. See Bischoff v. Osceola Cty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). To do so, the plaintiff must satisfy three requirements: First, he must demonstrate that he has suffered an injury in fact—meaning an invasion of a legally protected interest that is both "concrete

and particularized" and "actual or imminent" rather than "'conjectural' or 'hypothetical.'" Bochese, 405 F.3d at 980 (quoting Dillard v. Baldwin Cty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)). Second, the plaintiff must prove a causal connection between that injury and the challenged conduct of the defendant, which requires that the injury be "fairly traceable" to the conduct. Id. (quoting Dillard, 225 F.3d at 1275). Third, and finally, the plaintiff must show that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. (quoting Dillard, 225 F.3d at 1275). "In addition to the three constitutional standing requirements, 'the Supreme Court has held that prudential requirements pose additional limitations on standing.'" United States v. Blake, 868 F.3d 960, 969 (11th Cir. 2017) (quoting Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353 (11th Cir. 2003)). "One of those prudential limitations is the rule that a litigant 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).

## DISCUSSION

Through their motion to dismiss, Defendants have identified many issues with the Complaint, service of process, and this Court's jurisdiction. See Dkt. No. 10. Plaintiffs do not dispute those problems or otherwise respond to them; instead, Plaintiff

AO 72A
(Rev. 8/82)

Dickson simply addresses the merits of the underlying administrative proceedings against Plaintiff Government Training, LLC. See Dkt. No. 13.

As a threshold matter, Plaintiffs' Complaint does not allege sufficient facts to show this Court has subject matter jurisdiction over this action. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)).

This case appears to be, essentially, a declaratory judgment action and/or an appeal of the DOL's administrative decision against Government Training, LLC. See Dkt. No. 1. Dickson, as the vice-president of Government Training, LLC, does not allege any claims on his own behalf, as either a corporate representative or an individual. See id. Indeed, he does not dispute that he was not a party to the underlying administrative litigation against Government Training, LLC. See Dkt. No. 13. Instead, it appears he intends to assert claims on behalf of Government Training, LLC via this pro se action. See Dkt. No. 1. In other words, he is attempting to assert Government Training, LLC's legal rights and not his own. Blake, 868 F.3d at 969.

Additionally, while Dickson would be entitled to represent

*himself* in an action in which he has actually pleaded claims and facts to show standing to bring those claims, he, as a non-attorney, may <u>not</u> represent Government Training, LLC. <u>See</u> 28 U.S.C. § 1654; L.R. 83.5(c) ("Any person who is not admitted to the bar of this Court . . . and who exercises in this Court any of the privileges as a member of its bar . . . shall be in contempt of this Court[.]"); <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear pro se, and must be represented by counsel."); <u>Conaway v. H&R Block E. Enters.</u>, 240 F. Supp. 3d 1353, 1357 (S.D. Ga. Feb. 15, 2017) ("The Court thus cannot entertain any pleadings filed by [the company] unless it is represented by counsel."). Accordingly, because Dickson has not alleged a personal stake in the outcome of the litigation or standing to bring claims on behalf of Government Training, LLC, and because Government Training, LLC is not properly represented by counsel, their claims are **DISMISSED without prejudice**.

AO 72A
(Rev. 8/82)

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 10, is **GRANTED.** Plaintiffs' motion for a new hearing, dkt. no. 14, is **DENIED as moot.** The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 1st day of November, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA